UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **Iman Khidr,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | **Civil Action No.: 1:20-cv-995** |
| ) | |
| **v.** ) | |
| ) | |
| ) | |
| **ECKANKAR, INC., TRIAD AREA** ) | |
| **ECKANKAR CENTER,** ) | |
| **and BRIAN MCKENZIE, Individually,** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiff, Iman Khidr, by and through her undersigned counsel, The Whitley Law Firm and Ketterer, Browne, & Anderson, LLC, brings this Complaint against the above captioned Defendants and sets forth as follows:

## THE PARTIES

1. Plaintiff, Iman Khidr (hereafter "Plaintiff") is an adult individual residing at 3716 Cotswold Ave, Apt. V, Greensboro, North Carolina, 27410.

2. At all times relevant to this action, Eckankar, Inc., d/b/a Triad Area Eckankar Center (hereafter "Eckankar") is a Minnesota corporation with its principal place of business located at 1200 W 78TH Street, Chanhassen, Minnesota, 55317. Upon information and belief, Eckankar is the parent corporation of Triad Area Eckankar Center.

3. At all times relevant to this action, Triad Area Eckankar Center (hereafter "Triad") is a North Carolina corporation with its principal place of business located at 1912 Eastchester Drive # 209, High Point, North Carolina, 27265.

4. Eckankar and Triad will hereafter be referred to collectively as the "Eckankar Defendants".

5. Brian McKenzie (hereafter "McKenzie") was a servant or agent of Eckankar Defendants working as a teacher and worship leader, and acting within the scope of his relationship with Eckankar Defendants at all times relevant to this complaint. Accordingly, Eckankar Defendants are liable vicariously and derivatively for the acts of McKenzie under theories of Respondeat Superior, master-servant, agency, and/or right of control.

6. At all relevant times, Eckankar Defendants in this action were acting by and through themselves in their individual capacities, and/or additionally by and through their actual and/or ostensible agents, servants, employees, which included entities and/or individuals over whom they had control or right of control.

## JURISDICTION AND VENUE

7. Jurisdiction is founded in this matter pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states.

8. Venue over this matter is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this District.

9. Assignment to the Middle District is proper under 28 U.S.C. § 100(1).

## FACTS RELEVANT TO ALL COUNTS

10. Plaintiff began visiting Triad as a place of worship in or around January 2014.

11. Around that time, Plaintiff became acquainted with McKenzie, who worked for Eckankar Defendants as a teacher and worship leader at the Triad center.

12. Upon information and belief, McKenzie's duties in the course of his employment with Eckankar Defendants involved, among other things, that he personally greet each worshipper at the start of church services. McKenzie held control for the "keys to access" the entire building at the start of church services.

13. Upon meeting Plaintiff, who was in her early 20s at the time relevant to this complaint, McKenzie, in his 50s, became infatuated with her.

14. On three separate occasions, beginning in or around October 2017 and ending in or around December 2017, McKenzie sexually assaulted Plaintiff at the Triad center.

15. On all such occasions, McKenzie would approach Plaintiff from behind unbeknownst to her, and attempt to rub his erect penis against her body.

16. While restraining Plaintiff in a "bear hug", McKenzie would grope Plaintiff's breasts and attempt to ejaculate onto her body.

17. After each occurrence, Plaintiff reported the assaults to the church leaders and church elders.

18. At all relevant times, the Eckankar Defendants knew or should have known in the exercise of reasonable care and supervision that McKenzie was engaging in the abuse of its members, including Plaintiff, and was not fit to serve as a member of the staff.

19. At all relevant times, Eckankar Defendants took no action and/or failed to timely and adequately protect Plaintiff from McKenzie.

20. At all relevant times, Eckankar Defendants facilitated the sexual abuse of its members, including Plaintiff, by members of the clergy by systematically ignoring and minimizing allegations of abuse, intentionally failing to investigate allegations of abuse made against members of the clergy, failing to report allegations of abuse made against members of the clergy to appropriate law enforcement, and engaging in the practice of routinely moving members of the clergy to new locations to avoid allegations of abuse.

21. As a result of the sexual abuse set forth above, Plaintiff suffered great and permanent harm, which has required psychiatric aid and will continue to require psychiatric aid.

22. As a result of the sexual abuse set forth above and its consequential trauma and harm, Plaintiff has incurred significant future loss of earning capacity to her permanent detriment.

## COUNT I:
### Negligence
**(against the Eckankar Defendants)**

23. Plaintiff incorporates by reference all of the above paragraphs as if fully set forth herein.

24. Eckankar Defendants had a duty to take reasonable steps to protect Plaintiff from foreseeable harm when he was in their care, custody, and control.

25. During the time that McKenzie was working for and serving Eckankar Defendants, Defendants had a duty to use reasonable care to prevent McKenzie from using the privilege, authority, tasks, premises, and instrumentalities in his position with Eckankar Defendants to target and sexually abuse its members, including Plaintiff.

26. The Eckankar Defendants breached the foregoing duties by failing to use reasonable care to protect Plaintiff from McKenzie which allowed him to target and sexually abuse Plaintiff.

27. As a direct and proximate result of the acts and omissions of the Eckankar Defendants, Plaintiff suffered and will continue to suffer physically, emotionally, and otherwise.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against the Eckankar Defendants for an amount in excess of $100,000.00 plus costs of suit and any further relief the Court deems equitable and just.

## COUNT II:
### Negligent Hiring, Supervision, and Retention
### (against the Eckankar Defendants)

28. The Plaintiff incorporates by reference all of the above paragraphs as if fully set forth herein.

29. The Eckankar Defendants knew or should have known of the need to properly and effectively observe, manage, direct, oversee, and/or supervise employees, agents, servants, and/or representatives in their relationships with members in their care, custody, or supervision.

30. The Eckankar knew or should have known of the particular risk posed by McKenzie based on, among other things, his behavior indicative of an intent to isolate, target, and/or facilitate sexual contact or abuse of members in their care, custody, and supervision.

31. The negligence, carelessness, and/or recklessness of the Eckankar Defendants for the conduct of their employee, agent, servant, or representative in the hiring,

5

certifying, assigning, observation, retaining, supervision, management, oversight, direction, administration, and/or otherwise control of McKenzie consists of one or more of the following:

> a. Negligent hiring, certifying, assigning, observation, retaining, supervision, management, oversight, direction, administration, and/or otherwise control of members of the clergy in the employ of Eckankar Defendants;
>
> b. Failing to monitor, audit, or review occasions where McKenzie had contact with members, including Plaintiff;
>
> c. Failing to use due care in hiring, certifying, assigning, observation, retaining, supervision, management, oversight, direction, administration, and/or otherwise control of McKenzie's relationship with its members, including Plaintiff;
>
> d. Failing to investigate and supervise McKenzie's relationship with Plaintiff.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against the Eckankar Defendants for an amount in excess of $100,000.00 plus costs of suit and any further relief the Court deems equitable and just.

### COUNT III:
### Negligent Infliction of Emotional Distress
### (against all Defendants)

32. The Plaintiff incorporates by reference all of the above paragraphs as if fully set forth herein.

33. It was reasonably foreseeable to Defendants that their conduct would cause Plaintiff severe emotional distress.

34. The conduct of Defendants, as referred to in this complaint did in fact cause plaintiffs severe emotional distress.

35. As a direct and proximate result of the negligent infliction of emotional distress by Defendants, Plaintiff has sustained substantial injuries, damages, harms and losses.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against the Eckankar Defendants for an amount in excess of $100,000.00 plus costs of suit and any further relief the Court deems equitable and just.

## COUNT IV:
**Intentional Infliction of Emotional Distress**
**(against all Defendants)**

36. The Plaintiff incorporates by reference all of the above paragraphs as if fully set forth herein.

37. The conduct of Defendants described in this complaint, was extreme and outrageous.

38. The extreme and outrageous conduct of Defendants indicated a reckless indifference to the likelihood that such conduct would cause severe emotional distress.

39. The conduct described in this complaint on the part of Defendants did in fact cause Plaintiff severe emotional distress.

40. As a direct and proximate result of the intentional infliction of emotional distress by Defendants, Plaintiff has sustained substantial injuries, damages, harms and losses, including severe emotional distress.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against the Eckankar Defendants for an amount in excess of $100,000.00 plus costs of suit and any further relief the Court deems equitable and just.

## COUNT V:
### Sexually Battery
### (against McKenzie)

41. The Plaintiff incorporates by reference all of the above paragraphs as if fully set forth herein.

42. Defendant McKenzie's actions of unwanted and non-consensual sexual touching of Plaintiffs vagina, breasts, neck and body constituted offensive, sexual assault and battery upon the Plaintiffs body.

43. Defendant McKenzie did not have permission or consent to touch the Plaintiff in that offensive, sexual manner.

44. Defendant McKenzie knew that he did not have Plaintiff's permission or consent to touch her, but he repeatedly did so.

45. As a result of the unwanted and non-consensual sexual touching, Plaintiff has suffered severe mental and emotional distress, and a physical violation of her body.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against the Eckankar Defendants for an amount in excess of $100,000.00 plus costs of suit and any further relief the Court deems equitable and just.

## COUNT VI:
### Gross Negligence and Request for Punitive Damages
### (against all Defendants)

46. The Plaintiff incorporates by reference all of the above paragraphs as if fully set forth herein.

47. Defendants were grossly negligent in that these Defendants acted or failed to act with complete disregard of the rights, safety, and well-being of others; in a palpably unreasonable manner; in an outlandish fashion; and/or failed to exercise slight care or diligence under these circumstances.

48. Defendants are liable by their actions and/or implied, constructive inactions with regard to their knowledge, actual and/or otherwise, and as such, is subjected to Plaintiff's request for punitive damages.

49. Defendants' conduct as aforesaid was willful, wanton, malicious, reckless, outrageous, and/or grossly negligent in nature.

50. As a direct and/or indirect result of said conduct, Plaintiff has suffered the injuries and damages described herein.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against the Eckankar Defendants for an amount in excess of $100,000.00 plus costs of suit and any further relief the Court deems equitable and just.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand trial by jury of all claims so triable.

Respectfully submitted,

Dated: November 2, 2020

Iman Khidr, Plaintiff,
By her Attorneys,

**WHITLEY LAW FIRM**

*/s/ Whitney J. Butcher*____
Whitney J. Butcher, NC Bar No. 44272
3301 Benson Drive, Suite 120
Raleigh, North Carolina 27609
Telephone: (919) 785-5000
Facsimile: (919) 785-3729
Email: wjb@whitleylawfirm.com

-and-

**KETTERER, BROWNE & ANDERSON, LLC**

*/s/ Christina Graziano*_____
Christina Graziano, Esq.
(pro hac vice to be filed)
336 S. Main Street
Bel Air, MD 21014
Telephone: (410) 420-0184
Email: christina@kbaattorneys.com

Attorneys for Plaintiff

10